IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LAMAR FITTS, | ) | CASE NO. 5:08 CV 660 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELE EBERLIN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Anthony Lamar Fitts for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Fitts is incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio, where he serving a 32-year sentence imposed by the Stark County Court of Common Pleas in 2005 upon his conviction at a jury trial on four counts of robbery.[3]

---

[1] ECF # 4.

[2] ECF # 1.

[3] *Id*. at 4.

The State has moved to dismiss this petition[4] as time-barred.[5]  Fitts, who does not dispute that the petition was filed beyond the one-year statute of limitations, argues[6] that any untimeliness should be excused by equitable tolling and/or actual innocence.[7]

For the reasons that follow, I will recommend that this petition be dismissed as time-barred.

## Facts

The facts relevant to resolving this motion are brief and not disputed.  Fitts was convicted on four counts of robbery in March, 2005.[8]  He was sentenced on each count to the maximum eight-year term, such sentences to be served consecutively.[9]  The convictions were upheld by the Ohio appeals court on February 13, 2006.[10]  Fitts, who then had 45 days within

---

[4] ECF # 9.

[5] Alternatively, should the motion to dismiss be denied, the State also raises issues such as procedural default and lack of merit, which are not addressed here.

[6] Fitts also raises arguments going to the State's procedural default claim and its position on the merits, which are not addressed here.

[7] ECF # 1 at 2-3.

[8] ECF # 8, Attachment (state court record) at 77.

[9] ECF # 1 at 1.

[10] ECF # 8, Attachment at 94.

which to file an appeal to the Supreme Court of Ohio,[11] did not file an appeal within the allowed time.

However, on February 27, 2006, the Ohio Supreme Court decided the case of *State v. Foster*.[12]  In *Foster*, the Ohio Supreme Court found that, to the extent that Ohio's sentencing statute required judicial fact-finding as a predicate to the imposition of maximum, non-minimum, or consecutive sentences, the statute violated the U.S. Constitution.[13]

As a consequence of the *Foster* decision, Fitts, now represented by an assistant Ohio Public Defender, moved on May 16, 2006, to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B) on the grounds of ineffective assistance of counsel so as to raise *Blakely/Booker* issues concerning his sentencing that were addressed in *Foster*.[14]  The Ohio appellate court denied the motion on June 2, 2006.[15]  Fitts thereupon timely sought an appeal of that decision from the Ohio Supreme Court,[16] which, in turn, then declined review on October 4, 2006.[17]  The record does not show that Fitts subsequently sought a writ of certiorari in the United States Supreme Court.

---

[11] *See*, Rule II, Section 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio.

[12] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[13] *Id*.

[14] ECF # 8, Attachment at 95-105.

[15] *Id*., at 132-33.

[16] *Id*., at 134-43.

[17] *Id.*, at 144.

Fitts filed the present petition for federal habeas relief on March 7, 2008[18] – or approximately 17 months after the Ohio Supreme Court declined review of his appeal from the state appellate court's denial of his 26(B) motion.

In the petition, Fitts acknowledges that the petition was filed beyond the one-year limitations period.  Specifically, he raises the issue of equitable tolling in the first sentence of the introduction to his memorandum in support, asserting that he is entitled to equitable tolling.

In that regard, he advances the following grounds for equitable tolling:

1.　　that he "never finished high school;"[19]

2.　　that "he is without knowledge or institutional experience [in prison] which could have equipped him with the procedural rules and limits for this matter;"[20]

3.　　that his appointed appellate counsel "refused to answer" any correspondence regarding "steps he must initiate for federal habeas review;"[21]

---

[18] *See*, ECF # 1 at 11.  March 7, 2008 is the date Fitts signed the petition.  As is well-established, the date a petition is delivered to the prison authorities for mailing, and not the date on which the petition was actually received for filing at this Court, is considered to be the filing date.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[19] ECF # 1 at 2.  The petition and memorandum in support were not paginated by Fitts. I have independently calculated the page numbers given here and provide them to the District Court as an aid in accessing the record.

[20] *Id*.

[21] *Id*. at 3.

-4-

4. that the "delay" in bringing the petition after the expiration of the limitations period – which Fitts asserts to be five months – is "not of such [magnitude] as to place an estoppel (sic) on [the] First Amendment right to petition for redress of grievances;"[22] and,

5. that the delay was due, in part, to Fitts not bringing his claims "to [the] attention of [a] fellow inmate, who he could trust to compose a meritorious [habeas] petition, until Jan./08."[23]

Moreover, Fitts contends that the State will not be prejudiced by a grant of equitable tolling here because if his prior appellate counsel "had not left Petitioner in limbo," the State would now be "litigat[ing] against [the] claims presented herein."[24]

In addition to the arguments concerning equitable tolling, Fitts also claims that he is actually innocent of the crimes for which he is now incarcerated.  After first acknowledging that actual innocence means "'factual innocence not mere legal insufficiency,'"[25] Fitts then concedes that he "does not have any 'new' evidence" of his innocence.[26]  Rather, he maintains that, since the State allegedly "manipulated" the standard of proof applied to his

---

[22] *Id.*

[23] *Id*.

[24] *Id*.

[25] *Id*. at 4 (quoting *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)).

[26] *Id*. at 6.

case by electing to try him for robbery, not aggravated robbery,[27] the State has "forfeited any interest in the administration of justice."[28]

In its motion to dismiss, the State argues that Fitts has not met any of the five *Dunlap*[29] factors supporting a grant of equitable tolling.[30] Specifically, the State asserts:

1.  that Fitts' excuse of limited education and lack of experience with the criminal justice system do not overcome the notice of the one-year limitations period given by the statute itself;[31]

2.  that "'ignorance of the law alone is not sufficient to warrant equitable tolling,'"[32]

3.  that reliance on a claim of "ineffective assistance of appellate counsel also will not provide" equitable tolling;[33] and,

4.  an analysis as to how equitable tolling would prejudice the State is not needed here since absence of prejudice is a factor to be considered only after a right to equitable tolling is already established.[34]

---

[27] *Id*.

[28] *Id*. at 7.

[29] *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

[30] ECF # 9.

[31] *Id*. at 12 (citing *Allen v. Yukins*, 366 F.3d 396, 402 (6th Cir. 2004)).

[32] *Id*. at 13 (quoting *Allen*, 366 F.3d at 403, quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

[33] *Id*. at 13 (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)).

[34] *Id*. at 13 (citing *Jurado*, 377 F.3d at 644).

With respect to Fitts's claim of actual innocence, the State first affirms the rubric that actual innocence is not mere legal insufficiency of the evidence.[35]  To that end, the State argues that in this case Fitts must "present some evidence that he actually did not rob anybody."[36] It contends that his failure to produce new evidence of innocence leaves him with merely a challenge to "the sufficiency of the evidence the prosecution relied on to convict him."[37]  The State concludes that this challenge to the sufficiency of the evidence is both not "proof that he is innocent of robbery" and "indistinguishable" from his sufficiency of the evidence claim in Ground Three of the petition.[38]

Fitts filed a traverse.[39]  The only response to the State's arguments on equitable tolling is the assertion that, under *Lawrence v. Florida*,[40] the test for equitable tolling now entails just two elements:  (1) has the petitioner been diligent in pursuing his rights; and (2) did some extraordinary circumstances stand in the petitioner's way and prevent timely filing?[41]

The motion to dismiss the petition as untimely filed is, therefore, ready for resolution.

---

[35] *Id*. at 14.

[36] *Id.*

[37] *Id*. at 15.

[38] *Id.*

[39] ECF # 17.

[40] *Lawrence v. Florida*, 549 U.S. 327 (2007).

[41] ECF # 17 at 1 (citing *Lawrence*, 549 U.S. at 336).

## Analysis

**A.      Standard of review – timeliness, equitable tolling, and actual innocence**

The federal statute governing petitions for the writ prescribes, among other things, that such petitions must be filed within one year of the petitioner's conviction becoming final.[42] The statute further provides that the one-year limitations period may be tolled by the time a properly filed application for postconviction relief is pending in state courts.[43]

Even if statutory tolling is not available, however, a petitioner may be entitled to equitable tolling of the federal habeas time limitation period under limited circumstances.[44] As previously noted, the Court in *Lawrence* stated that a federal habeas petitioner seeking equitable tolling must show "'(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[45]

Notwithstanding that the Supreme Court has not directly held that equitable tolling is available to a habeas petitioner, the Sixth Circuit has concluded that equitable tolling is

---

[42] 28 U.S.C. § 2244(d)(1)(A).

[43] 28 U.S.C. § 2244(d)(2).

[44] *See*, *Lawrence*, 127 S. Ct. at 1085 ("We have not decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005). The Supreme Court in *Lawrence* and *Pace* stated explicitly that it has not determined whether equitable tolling is applicable to the AEDPA statute of limitations. But in both cases the Court was willing to assume that equitable tolling was available for the limited purpose of showing that the petitioners were not entitled to such tolling.

[45] *Lawrence*, 127 S. Ct. at 1085, quoting *Pace*, 544 U.S. at 418.

available in habeas cases[46] and would be evaluated according to the elements set out in *Andrews v. Orr*.[47]  According to that test, factors to be considered in evaluating a claim of equitable tolling are:  "(1) lack of actual notice of filing requirement; (2) lack of constructive notice of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."[48]  The Sixth Circuit has also stated that these specified factors are not comprehensive or always relevant but that equitable tolling claims are to be evaluated on a case-by-case basis.[49]

In addition to these factors, the Sixth Circuit has also held that equitable tolling of the habeas limitations statute may be available upon a "credible showing of actual innocence"[50] pursuant to the standard put forward in *Schlup v. Delo*.[51]  Under this test, a petitioner whose claim is otherwise time-barred will be permitted to have his claim heard on the merits if he can demonstrate, through new, reliable evidence not available at trial, that it is more likely

---

[46] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *see also*, *Allen*, 366 F.3d at 401.

[47] *Keenan*, 400 F.3d at 421 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

[48] *Id*.

[49] *Id*., citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

[50] *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).

[51] *Schlup v. Delo*, 513 U.S. 298 (1995).

than not that no reasonable juror would have found him guilty beyond a reasonable doubt.[52]
To that end, the Sixth Circuit has clarified that actual innocence here means factual
innocence, not legal insufficiency.[53]

**B.**      **The petition should be dismissed since it was not timely filed, statutory tolling is not applicable, and Fitts is not entitled to equitable tolling nor has he established actual innocence.**

*1.*      *One-year limitations and statutory tolling*

As was set forth earlier, I note first that there is no dispute that this petition was not
filed within the one-year limitations period following the date when Fitts's conviction
became final.  This is so even if the one-year limitations period is computed from when Fitt's
Rule 26(B) motion was finally adjudicated, and not from an earlier date, as the State
contends, with the Rule 26(B) motion providing a period of statutory tolling.[54]

Thus, to escape dismissal for untimeliness, Fitts must establish either that he is entitled
to equitable tolling or that he is actually innocent.

*2.*      *Equitable tolling*

As to equitable tolling, I recommend finding that Fitts has not established a right to
such relief under the applicable standard.   As the State observes, his reliance on his
educational level, lack of experience in the criminal justice system, lack of contact with his

---

[52] *Souter,* 395 F.3d at 590 (citing *Schlup*, 513 U.S. at 327).

[53] *Id.* (citing *Bousley*, 523 U.S. at 623).

[54] *See*, ECF # 9 at 11.

-10-

state appellate attorney or delay in finding a "trusted inmate" to assist him, do not provide ground for finding "extraordinary circumstances" that support equitable tolling.

First, as to the alleged limitation imposed by a high school education or lack of experience in the justice system, I note that Fitts has attempted no showing of how concluding one's formal education with high school or never having before been a criminal defendant necessarily means that one is precluded from understanding the plain meaning of the one-year limitations provision. In that regard, as noted earlier, the law is clear that the statute itself is adequate notice of its terms, and that ignorance of the statute is not, of itself, sufficient to warrant equitable tolling.

Next, as to the claim that his delay was caused by the failure of his state appellate counsel to respond to requests for assistance in preparing a habeas filing, I observe initially that Fitts is essentially asserting that he received ineffective assistance of counsel in preparing his habeas claim.  However, it is well-settled that the federal habeas statute does not afford a basis for making an ineffective assistance of counsel claim.[55]  Moreover, even if such a claim were possible under the federal statute, Fitts has not attempted to show how the duty of his state-appointed appellate counsel – which duty, as a matter of Ohio law, is to prepare Fitts's appeal as of right to the Ohio appeals court[56] – encompasses a duty to advise

---

[55] 28 U.S.C. § 2254(i); *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005).  "The language of this statute is clear.  It expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings."

[56] Ohio Crim. R. 44(A); *State v. Gentry*, 10 Ohio App. 3d 227, 228 (Ohio App.10 Dist., 1983).

Fitts as to a possible federal habeas petition.  In addition, as the Sixth Circuit noted, "'[a] lawyer's mistake is not a valid basis for equitable tolling.'"[57]

Finally, as concerns Fitts's claim that his delay is excusable because he needed time to locate a trusted inmate to assist him in preparing the petition, it is clear that the decisions to (1) seek assistance in preparing the petition from (2) an inmate were totally Fitts's choices, and the time required to implement them totally under his control.  Damaging consequences from a personal choice do not convert the choice into an "extraordinary circumstance" that precluded compliance with a time requirement and now justifies equitable tolling.[58]

Because I recommend finding that Fitts has not established any basis for equitable tolling, I further recommend finding that no analysis need be done as to whether granting equitable tolling would prejudice the State.[59]

**3.     *Actual innocence***

As to Fitts's assertion of actual innocence, I note initially that Fitts concedes that he does not present any new, reliable evidence not available at trial that makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. In fact, as the State observes, Fitts offers no new evidence at all, arguing instead that the

---

[57] *Jurado*, 337 F.3d at 644 (6th Cir. 2003) (quoting *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002)).

[58] *See*, *James v. Hudson*, No. 1:07-CV-3651, 2009 WL 111637, at *8 (N.D. Ohio Jan. 15, 2009) (citing *Lawrence*, 549 U.S. at 336).

[59] *Jurado*, 337 F.3d at 644.

-12-

State should have been unable to proceed with the robbery charge and that the photo identification was suggestive.

In such a case, as was noted in *Noling v. Bradshaw*,[60] cited by the State,[61] Fitts is not presenting a true claim of actual innocence, but rather is "actually seeking to retry his case in federal habeas court on the identical physical evidence (or lack thereof) adduced during trial. A habeas court does not sit as a second trial court or a tertiary level of appeal."[62]

Accordingly, I recommend finding that Fitts has not established his claim of actual innocence such as would permit this Court to review his otherwise untimely petition.

## Conclusion

For the foregoing reasons, I recommend granting the State's motion and dismissing the petition of Anthony Lamar Fitts for a writ of habeas corpus as untimely filed.

Dated:  March 18, 2009                    s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

---

[60] *Noling v. Bradshaw*, No. 5:04-CV-1232, 2008 WL 320531 (N.D. Ohio Jan. 31, 2008).

[61] ECF # 9 at 15.

[62] *Noling*, 2008 WL 320531, at *19 n.7 (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[63]

---

[63] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).