UNITED STATES DISTRICT CORUT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LAMAR FITTS, | ) | CASE NO. 5:08CV660 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHELE EBERLIN, | ) | |
| | ) | (HABEAS CORPUS) |
| Respondent. | ) | |

This Memorandum Opinion and Order arises out of the objections (Doc. No. 21) filed by Petitioner Anthony Lamar Fitts ("Fitts") to the Report and Recommendation of Magistrate Judge William Baughman, Jr., recommending that this Court dismiss Fitts's petition for writ of habeas corpus as time-barred (Doc. No. 20). For the reasons that follow, the Court **ACCEPTS** the Report and Recommendation and **DISMISSES** Fitts's petition for writ of habeas corpus.

## I. FACTUAL AND PROCEDURAL HISTORY

In his objections, Fitts acknowledged that, with the exception of the Magistrate Judge's calculation of the tardiness of his habeas petition, he agrees with the statement of facts provided by the Magistrate Judge in the Report and Recommendation. Accordingly, the Court shall only provide the factual and procedural history necessary to provide context for this Memorandum Opinion and Order.

On February 2, 2005, the Stark County Grand Jury indicted Fitts on ten counts of robbery, in violation of O.R.C. § 2911.02(A)(2), arising out of a string of robberies occurring in Stark County from August to November 2004. (R. 75.) Section 2911.02(A) states as follows:

No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.

At trial, the jury heard testimony from the following individuals:

> (1) Aaron Prude, an AT&T Wireless store employee, who testified, *inter alia*, that an African-American male who wore a baseball cap and sunglasses pointed a black handgun at Prude as he demanded Prude to "put all the money in the bag." (R. 75.) Prude positively identified Fitts from a photo array, as did another AT&T employee, James Contrucci. (R. 75-76.)
>
> (2) Dawn Marshall, an employee of Maggiore's, who testified, *inter alia*, that a male wearing pantyhose over his face, a black baseball cap, and a blue "Fubu" shirt pointed a black handgun at her, demanded she open the register, and then took the money from the register. (R. 76.) The robbery was recorded on the store's video surveillance, and an outside camera taped the robber without his mask. (*Id.*)
>
> (3) Harriet Weese, a Dollar General employee, who testified, *inter alia*, that an African-American male with his face covered by a black cloth pointed a black handgun at her and told her to place money in a plastic shopping bag. (R. 76.) When the robber left the store, Weese ran to lock the door and was able to see the man's face without a mask. (*Id.*) She positively identified Fitts from a photo lineup and during the trial. (*Id.*) Two other individuals, Chris Maley and Casey Frame, both saw the unmasked robber outside the Dollar General, and both made a positive identification of Fitts from a photo lineup and at trial. (*Id.*)
>
> (4) Pam Campbell and Camille Sims, employees at the Southgate Bureau of Motor Vehicles, who testified, *inter alia*, that an African-American male with a stocking cap over his face pointed a black handgun at them and ordered them to give him money from the registers. (R. 76.) When he left the store, a customer followed him and got the license plate number from the vehicle he was driving. (*Id.*) The car was later identified as belonging to Barbara Harris. (R. 77.)
>
> (5) Shamica Harris, who testified, *inter alia*, that she had known Fitts for approximately one year, that Fitts had driven her mother's car, and that Fitts confessed to her that he had committed the string of robberies, including at Priceless Kids, AT&T Wireless, Family Dollar, Dollar General, Maggiore's, Mr. Hero, Check into Cash, and Southgate BMV. (R. 77.) She identified Fitts as the man in the still photos taken at the robberies. (*Id.*)

2

Additionally, when police spoke to Shamica Harris, she brought them a blue "Fubu" shirt belonging to Fitts that matched the one worn by the robber. (*Id.*)

The jury found Fitts guilty of four of the ten counts of robbery, and the trial court sentenced Fitts to four consecutive eight-year terms of imprisonment, for a total of 32 years. (R. 77.)

On February 13, 2006, the Ohio court of appeals affirmed the judgment of the trial court. (R. 74-94.) Fitts had until March 30, 2006, to file a direct appeal to the Ohio Supreme Court, but he failed to do so. On May 16, 2006, Fitts, through counsel, filed an application to reopen his appeal under Ohio Appellate Rule 26(B), alleging ineffective assistance of appellate counsel. (R. 95.) The Ohio court of appeals denied Fitts's 26(B) application on June 2, 2006, and the Ohio Supreme Court dismissed an appeal as not involving a substantial constitutional question on October 4, 2006. (R. 132-33, 158.)

On March 17, 2008, Fitts filed a petition for writ of habeas corpus in this Court. (Doc. No. 1.) In it, Fitts offers a number of constitutional challenges to his imprisonment pursuant to a state court judgment. (Doc. No. 1 at 8-11.) Apparently acknowledging that his petition was not timely filed, Fitts requests that his untimeliness be excused under equitable tolling and that this Court nonetheless consider his petition on the merits. (Doc. No. 1 at 2-7.) The Magistrate Judge recommended that Fitts's petition be dismissed as time-barred. (Doc. No. 20.) Fitts has filed objections to the Magistrate Judge's report. (Doc. No. 21.)

## II. LAW AND ANALYSIS

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides: "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." Fitts has offered objections to certain portions of the Magistrate Judge's

Report and Recommendation. (Doc. No. 21.) Accordingly this Court will review those portions *de novo*.

## A. Untimeliness of petition

It is worth noting at the outset that Fitts concedes his petition for writ of habeas corpus is untimely under the one-year statute of limitations provided in 28 U.S.C. § 2244. The Magistrate Judge never made an explicit finding as to the number of days Fitts's petition was tardy, but simply noted that Fitts filed his petition approximately 17 months after the Ohio Supreme Court declined review of his appeal from the Ohio court of appeals's denial of his 26(B) application. (Report and Recommendation at 4.) In his Objections, Fitts contends that his "petition was only (63) [sic] days late (due January 4, 2008)." (Objections at 1.) As the degree of tardiness can affect a court's willingness to equitably toll the statute of limitations for filing a habeas petition, this Court will determine how late Fitts filed his petition in this Court.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[1] 28 U.S.C. § 2244(d)(1)(A). This one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

In this case, the Ohio court of appeals affirmed Fitts's convictions on direct review on February 13, 2006. From that point, Fitts had 45 days—or until March 30, 2006—to file an appeal to the Ohio Supreme Court. Rules of Practice of the Supreme Court of Ohio, Rule

---

[1] 28 U.S.C. § 2244 technically provides that the one year statute of limitations shall run from the latest of four situations. Three of those situations, however, are not applicable to this case. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

II, § 2(A)(1)(a). Fitts did not file a direct appeal to the Ohio Supreme Court, and thus the one-year limitations period began running on March 31, 2006. 28 U.S.C. § 2244(d)(2).

Thereafter, 45 days passed until Fitts filed a Rule 26(B) application to reopen his appeal, which tolled the statute of limitations while the 26(B) application was pending. *See* 28 U.S.C. § 2244(d)(2). On October 4, 2006, the Ohio Supreme Court declined review of Fitts's 26(B) application, and thus the limitations period resumed on October 5, 2006. Since 45 days had already passed before Fitts filed his Rule 26(B) application, this left him until August 21, 2007, to file a petition for writ of habeas corpus. Fitts did not file his petition for writ of habeas corpus until March 7, 2008.[2] Thus, Fitts filed his petition 198 days past the deadline imposed by AEDPA. This renders Fitts's petition untimely by well over six months.

Fitts objects that "notwithstanding fact Petitioner [sic] did not seek certiorari[,] said 90-day period must be included in timeliness calculation." (Objections at 1.) Presumably Fitts is referring to the 90-day period in which he could seek direct review of his conviction in the United States Supreme Court.[3] The Supreme Court has held, however, that "§ 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Accordingly, insofar as Fitts objects that his tardiness in filing his habeas petition is any less than 198 days, as calculated above, those objections are **OVERRULED**.

**B. Equitable tolling**

His tardiness notwithstanding, Fitts nonetheless asks this Court to consider his

---

[2] While the petition was not filed with this Court until March 17, 2008, Fitts signed the petition on March 7, 2008. Since the date a petition is delivered to prison authorities for mailing establishes the filing date, *Houston v. Lack*, 487 U.S. 266, 270 (1988), this Court deems March 7, 2008, to be the filing date.

[3] The Court believes this for two reasons. First, the Ohio Supreme Court does not hear cases "on writ of certiorari," and thus Fitts does not seem to be referring to his failure to directly appeal his conviction to the Ohio Supreme Court. Second, a petition for writ of certiorari must be filed in the United States Supreme Court within 90 days after entry of judgment in a state court of last resort. Sup. Ct. R. 13(1).

habeas petition on the merits under the principles of equitable tolling. The United States Supreme Court has never decided whether the one-year statute of limitations in § 2244 may be equitably tolled. *Lawrence*, 549 U.S. at 336. In *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), however, the Sixth Circuit held that the one-year limitation periods in 28 U.S.C. §§ 2244 and 2255 are subject to the doctrine of equitable tolling based on a consideration of five factors. *Id.* at 1004, 1007-08. The Sixth Circuit has also found equitable tolling to be appropriate where a petitioner makes a credible showing, based upon reliable new evidence, that he is actually innocent. *Souter v. Jones*, 395 F.3d 577, 596, 602 (6th Cir. 2005).

The Magistrate Judge recommended that equitable tolling not be applied to the case under either the *Dunlap* five-factor test or actual innocence, and that Fitts's petition accordingly be dismissed as time-barred under AEDPA. (Report and Recommendation at 10-13.) Fitts objected that the Magistrate Judge improperly used the *Dunlap* test to determine whether equitable tolling was appropriate, unreasonably applied the equitable tolling standard to the facts of this case, and unreasonably concluded that Fitts did not set forth a credible claim of actual innocence. The Court finds none of Fitts's objections persuasive.

### 1. Standard for equitable tolling

In *Dunlap*, the Sixth Circuit held that a court should consider the following five factors to determine if equitable tolling of the AEDPA limitations period is appropriate:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive notice of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. Of course, "these factors 'are not necessarily comprehensive or always relevant; ultimately, every court must consider an equitable tolling claim on a case-by-case basis." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)). The petitioner has the burden of proof of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Further, "'[t]he doctrine of equitable tolling is applied sparingly by federal courts,' and is typically used 'only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (quoting *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)).

The Magistrate Judge applied the five-factor *Dunlap* test in recommending that this Court not apply equitable tolling to Fitts's untimely petition. Fitts objects that the five-factor *Dunlap* test has been modified by *Lawrence*, and that the *Lawrence* two-factor test should be used instead. (Objections at 2, 4.) Fitts is incorrect. In *Lawrence*, the Supreme Court stated:

> We have not decided whether § 2244(d) allows for equitable tolling. Because the parties agree that equitable tolling is available, we assume without deciding that it is. To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.

*Lawrence*, 549 U.S. at 336 (citations omitted). As is evident from the above passage, and as this Court has noted in a previous decision, the Supreme Court has neither decided that equitable tolling is available for habeas petitioners nor established a specific test that overrules Sixth Circuit precedent. *Plaza v. Hudson*, 2008 WL 5273899, at *6 n.9 (N.D. Ohio Dec. 17, 2008).

Indeed, the Sixth Circuit has continued to apply the *Dunlap* test in habeas cases even after *Lawrence*. *See, e.g.*, *McSwain v. Davis*, 287 F. App'x 450, 455 (6th Cir. 2008).[4]

Accordingly, the Court finds Fitts's argument to be without merit, and his objection is therefore **OVERRULED**. The Court shall apply the *Dunlap* test to determine if equitable tolling is appropriate in Fitts's case.

**2. Application of the equitable tolling standard**

Applying the *Dunlap* test, the Magistrate Judge recommended that equitable tolling not be applied in Fitts's case. Fitts objects that the Magistrate Judge erred in applying the equitable tolling factors, and that he is entitled to equitable tolling based on appellate counsel's "abandon[ing]" him and due to the "poor conditions [. . .] as to knowledge pool at institution [sic]." (Objections at 2-3.) The Court finds that neither justifies equitable tolling.

As a preliminary matter, the *Dunlap* test requires Fitts to show a lack of actual and constructive notice of the one-year statute of limitations, and that his remaining ignorant of the legal requirement for filing his claim was reasonable. *Dunlap*, 250 F.3d at 1008. The one-year provision of 28 U.S.C. § 2244 has remained unchanged since its enactment in 1996. *See* 28 U.S.C.A. § 2244 (annotation) (showing no amendments of § 2244 since 1996). The Sixth Circuit has made clear that the AEDPA statute itself gives constructive notice of the one-year statute of limitations, even if a prisoner is unaware of the statute. *Allen*, 366 F.3d at 403. Moreover, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Id.* Since Fitts is charged with constructive notice of the AEDPA limitations period, and because ignorance is not a sufficient justification for lack of actual knowledge of the limitations period, Fitts cannot show

---

[4] The Court notes, however, that even if it did apply the *Lawrence* test, Fitts still would not be entitled to relief because, for the reasons described in Section III.B.2, *infra*, Fitts has neither pursued his rights diligently nor was obstructed from timely filing his habeas petition due to an extraordinary circumstance.

the first, second, or fifth factors of the *Dunlap* test. This alone is sufficient to reject equitable tolling in his case.

Moreover, Fitts has failed to prove that he was diligent in pursuing his rights, as required under *Dunlap*. *Dunlap*, 250 F.3d at 1008. Fitts contends that "[t]he record demonstrates that appellate counsel abandoned petitioner after advising him that she would be assisting in seeking federal redress." (Objections at 2.) In truth, the record shows nothing of the sort, and thus his counsel's failure to file a habeas petition on his behalf does not provide him with any ground for equitable tolling. By letter dated October 27, 2006, Assistant State Public Defender Theresa Haire, who represented Fitts during his 26(B) proceedings, notified Fitts that the Ohio Supreme Court had declined to accept jurisdiction of his case, and that the "next legal option involves filing a habeas petition in the district court [. . .]." (Doc. No. 1 Ex. G.) While conceding that the AEDPA standard "is a difficult standard to successfully meet," Haire stated "[n]onetheless, I would like to do additional research into whether a petition on your behalf is warranted. I hope to have the research completed by the end of next month." (*Id.*) Thus, far from a "promise" to assist Fitts with his habeas proceedings (Objections at 3), Haire said only that she would investigate whether a habeas petition was warranted.

But even if Haire did "abandon" Fitts, his subsequent lack of diligence negates any claim of right to equitable tolling. Haire's October 27, 2006 letter to Fitts indicates that she would make a final decision as to whether a habeas petition on his behalf was warranted sometime in November or December 2006. (Doc. No. 1 Ex. G.) By his own admission, Fitts "didn't bring matter to attention of fellow inmate [sic], who he could trust to compose a meritorious petition, until Jan./08." (Doc. No. 1 at 3; *see also* Doc. No. 1 Ex. A.) Fitts has provided no justification for this delay of more than one year in taking any action on his habeas

9

petition. Fitts complains that he sent correspondence to Haire that went unanswered. (Doc. No. 1 at 3.) However, he provides no dates as to when this correspondence allegedly occurred, nor has he "offer[ed] any explanation as to why he was prevented from taking any other action or inquiring about his case by other means during the one-year period." *Beltran-Sosa v. United States*, 2007 WL 854810, at \*4 (W.D. Ky. Mar. 15, 2007). Fitts also claims that he needed time to obtain the assistance of a trusted inmate. Aside from the fact that Fitts has not explained why he needed over a year to initiate contact with the inmate, as a matter of law such efforts do not establish diligence for purposes of equitable tolling.[5] *Id.* at \*3, \*5 (efforts to seek assistance of a fellow inmate do not establish diligence for purposes of equitable tolling); *see also Plaza*, 2008 WL 5273899, at \*7 (efforts to seek outside legal counsel do not establish diligence for purposes of equitable tolling).

Fitts also contends that equitable tolling should be applied in his case because "poor conditions existed as to knowledge pool at institution [sic]." (Objections at 3.) More specifically, Fitts contends that the law library did not have a computerized research system, there were no postings of AEDPA standards or timing limitations, and books on habeas corpus

---

[5] In an affidavit, fellow inmate Tramaine Martin, who prepared Fitts's habeas petition, stated his honest belief that "Mr. Fitts lacks aptitude to reasonably articulate his compunctions and was only excited to initiate action by my enlightenment and persuasion." (Doc. No. 1 Ex. A.) Martin's contention buttresses Fitts's argumentation in his habeas petition that he should be granted equitable tolling based in part on his "never finish[ing] high school" and his lack of "knowledge or institutional experience which could have equipped him with the procedural rules and limits for this matter." (Doc. No. 1 at 2.) The Magistrate Judge rejected the suggestion that Fitts's lack of education and legal understanding of the "procedural rules and limits" of AEDPA justified equitable tolling, and Fitts did not challenge this recommendation in his Objections. Accordingly, Fitts has waived review of the Magistrate Judge's conclusion by this Court. Fed. R. Civ. P. 72(b)(3); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Even if Fitts had preserved this argument for review by this Court, however, "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted); *see also Williams v. Price*, 2002 WL 551037, at \*3 (E.D. Mich. Mar. 29, 2002) ("A habeas petitioner is not entitled to equitable tolling of the statute of limitations on the basis of his 'alleged helplessness' due to a lack of academic and legal education."). "The fact that petitioner lacked the legal sophistication to pursue his claims in either the state or federal courts is not an extraordinary circumstance that would equitably toll the statute of limitations." *Williams*, 2002 WL 551037, at \*3 (citing *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999)). Further, in order to show mental incapacity as an extraordinary circumstance, the petitioner must make a factual showing of that incapacity. *Lawrence*, 549 U.S. at 337. Fitts has offered no evidence suggesting that he suffers from such an extraordinary mental incapacity as to require equitable tolling of the AEDPA statute of limitations.

10

were routinely "borrowed" without authorization. (*Id.*) The Sixth Circuit has made clear, however, that "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003); *see also Plaza*, 2008 WL 5273899, at \*6. Further, while it may be true that certain resources are in high demand at the institution in which Fitts is incarcerated, Fitts has provided no evidence that he was denied access to resources over such a long period of time as to justify equitable tolling. And even were such resources denied to Fitts over an entire year, it is still his obligation to take all reasonable means necessary to protect his rights, including, if necessary, calling the clerk of court to inquire about how to protect his rights under the circumstances. *See Beltran-Sosa*, 2007 WL 854810, at \*4 (failure to attempt to call court or inquire about status of appeal demonstrated a lack of diligence on the part of habeas prisoner); *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (inmate who called clerk of court twice to explain his predicament and inquire how to proceed in his habeas petition, among other circumstances, demonstrated diligence to protect his rights for purposes of equitable tolling).

In short, Fitts has not offered any justification for taking no action on his habeas petition for an entire year, and has failed to prove that he has a right to equitable tolling under the *Dunlap* factors. Accordingly, Fitts's objections with respect to the Magistrate Judge's application of the *Dunlap* test are **OVERRULED**.

**3. Actual innocence**

Finally, the Magistrate Judge recommended that equitable tolling not be applied in Fitts's case on the basis of Fitts's purported actual innocence. Fitts objects that the Magistrate Judge improperly applied the actual innocence standard enunciated in *Schlup v. Deyo*, 513 U.S. 298 (1995), and that Fitts in fact satisfies that standard. The Court disagrees and finds that Fitts's

11

case does not represent the "extremely rare" demonstration of "a credible claim of actual innocence." *Souter*, 395 F.3d at 600.

In addition to satisfying the *Dunlap* factors, a habeas petitioner may also have the statute of limitations tolled upon a credible showing of actual innocence. *Id.* at 602. In this context, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To succeed on a claim of actual innocence, a petitioner must offer "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). The Court may then equitably toll the statute of limitations only if, "[a]fter viewing all of the evidence, [. . .] 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt [. . .].'" *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (quoting *Schlup*, 513 U.S. at 327)).

The Court notes that Fitts's claim of actual innocence has been rather schizophrenic. In his petition for writ of habeas corpus, Fitts explicitly conceded "that he does not have any 'new' evidence in which to offer by way of this claim [of actual innocence]." (Doc. No. 1 at 5.) Instead, he offered the argument that the state "manipulat[ed] [the] 'standard of proof'" by charging him with robbery rather than aggravated or armed robbery. (Doc. No. 1 at 6.) In his objections, however, Fitts submitted that he did in fact possess "new" evidence, namely, the "fatal nature of indictment [sic]." (Objections at 4-5.) For purposes of completeness, the Court will consider both positions and explain why neither justifies equitable tolling.

First, Fitts's claim that the state manipulated the standard of proof is wholly meritless. Fitts contends that because the evidence adduced at trial indicated that the robber used

a handgun during the commission of the robberies, the State was required to charge Fitts with an offense where possession of a firearm was an element of the crime. (Doc. No. 1 at 6-7.) As a preliminary matter, Fitts has never suggested that he did not commit the robberies for which he was convicted. Thus, Fitts cannot claim refuge from the AEDPA limitations period based on actual innocence equitable tolling. *Bousley*, 523 U.S. at 623. Additionally, the crimes with which Fitts was charged was known at the time of Fitts's indictment, and therefore is not new evidence as required under the actual innocence rule. *House*, 547 U.S. at 536-37; *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 600. But even if the indictment were new, it does not

> represent[] the type of 'reliable' exculpatory evidence that was contemplated in *Schlup*, *House*, and *Souter*. [Fitts] has not presented DNA or other scientific evidence, credible testimony from an eyewitness, or critical physical evidence that supports his claim of actual innocence.

*Plaza*, 2008 WL 5273899, at \*10 (citing *House*, 547 U.S. at 537). Finally, Fitts's claim is wrong as a matter of law. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense described by statute, the decision whether or not to prosecute, and what charges to file [. . .] generally rests entirely in the [prosecutor's] discretion." *Bordenkrcher v. Haynes*, 434 U.S. 357, 364 (1978). The fact that the prosecutor decided to charge Fitts under O.R.C. § 2911.02(A)(2), and not § 2911.02(A)(1) or some other statutory provision, is neither improper nor unconstitutional.

Fitts's position of most recent vintage—that he in fact has "new" evidence in the form of the defective nature of the indictment (Objections at 4-5)—is likewise unavailing. Fitts argues, citing *Bousley*, that a "new constitutional rule" rendered his indictment "fatally defective." (Objections at 4-5.) *Bousley* does state that a Supreme Court decision "holding that a substantive federal criminal statute does not reach certain conduct" may be applied retroactively to a habeas petitioner, and that it may serve as the basis for a claim of actual innocence because

13

the petitioner would otherwise "stand[] convicted of 'an act that the law does not make criminal.'" *Bousley*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Fitts, however, has never suggested the identity of the "new constitutional rule" that renders his indictment defective, and the Court has been unable to discern a new constitutional rule from either the Ohio or federal court systems that would render Fitts's indictment defective.

Given that no new rule exists that applies to Fitts's case, Fitts's plea for equitable tolling on the basis of alleged defects in the indictment must fail. The Court notes that the indictment does not "present[] DNA or other scientific evidence, credible testimony from an eyewitness, or critical physical evidence that supports [Fitts's] claim of actual innocence," and thus the indictment cannot form the basis for equitable tolling on grounds of actual innocence. *Plaza*, 2008 WL 5273899, at *10 (citing *House*, 547 U.S. at 537). Moreover, this Court's review of the indictment shows that it is not defective in any way. The indictment charges ten counts of robbery under O.R.C. § 2911.02(A)(2), and each count alleges that Fitts, "did, in attempting, or committing a theft offense, or in fleeing immediately after the attempt or offense, attempt to inflict, or threaten to inflict physical harm" on each of the respective individuals identified in the ten counts. (R. 1-3.) Thus, the indictment sufficiently alleges all elements of robbery under O.R.C. § 2911.02(A)(2).

In short, Fitts has failed to offer any new reliable evidence indicating "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Souter*, 395 F.3d at 602. Accordingly, equitable tolling is not warranted, and Fitts may not "pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* Fitts's objections with respect to his claim of equitable tolling due to a purported actual innocence are **OVERRULED**.

14

## III. CONCLUSION

For the foregoing reasons, this Court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (Doc. No. 20) and **OVERRULES** Fitts's objections (Doc. No. 21). Fitts's petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED**.

As Fitts has not made a substantial showing of the denial of a constitutional right, this Court certifies, pursuant to 28 U.S.C. § 2253(c), that there is no basis on which to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: April 17, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**